T.C. Memo. 2001-281

UNITED STATES TAX COURT

JEROME FRANK HARRIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5715-00.                    Filed October 11, 2001.

Jerome Frank Harris, pro se.

Innessa Glazman, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax return of $974 for 1998. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue. The sole issue for decision is whether the $4,017 of unemployment compensation petitioner received during 1998 is includable in his gross income for that year.

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Mt. Rainier, Maryland, at the time the petition in this case was filed.

## FINDINGS OF FACT

Petitioner timely filed his 1998 tax return with the Internal Revenue Service upon which he reported wages of $31,157.

In August of 1998, petitioner was employed by Washington Metropolitan Area Transit Authority (Metro), in the District of Columbia. As a result of an incident at Metro, petitioner was suspended pending investigation. After concluding its investigation of the circumstances surrounding the incident, Metro terminated petitioner's employment. Petitioner then filed an unemployment compensation claim with the Greenbelt, Maryland, Unemployment Office. Petitioner was informed that he would be denied his unemployment benefits if, after an investigation, it was determined that he was involved in work-related misconduct at the time of his discharge. After the initial investigation the District of Columbia, Department of Employment Services (DCDES)[1] determined that petitioner was not involved in any work-related

---

[1]Although petitioner filed for unemployment in Maryland, his unemployment compensation was paid pursuant to an interstate claim. An interstate claim is a claim filed by an individual who lives in another State, but worked in the District of Columbia. The DCDES then processes and makes payments on the claim.

misconduct. Metro disagreed with that determination and filed an appeal. An appeal hearing was conducted by DCDES in November 1998, and again, petitioner prevailed. Metro disagreed with the results of the appeal hearing and proceeded to trial where once again petitioner prevailed. Because petitioner prevailed over Metro at every proceeding, the DCDES considered him eligible to receive unemployment benefits for 1998.

During 1998, petitioner was paid unemployment compensation by the DCDES. Petitioner actually received seven checks, each for $618, totaling $4,326 in unemployment compensation from the DCDES during the year in issue. The DCDES, however, filed a Form 1099-G, Certain Government Payments, for 1998 which indicated that petitioner was paid only $4,017 of unemployment compensation. Petitioner did not report his receipt of the unemployment compensation on his 1998 income tax return. Respondent is asserting a deficiency computed on the lesser amount.

Respondent determined a deficiency of $974 in petitioner's 1998 income tax. The deficiency is attributable solely to petitioner's omission of $4,017 of unemployment compensation from the gross income reported on his return.

Petitioner maintains that he was not required to report the unemployment compensation income because he did not know if he "was getting checks from the State of Maryland Unemployment

Office * * * or from the D.C. Government."  Petitioner conceded that he received the unemployment compensation checks, but claimed he was unsure whether they were for 1998 or 1999.

OPINION

Section 61 provides that all income, from whatever source derived, is includable in gross income unless specifically excluded by another provision.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).  "In the case of an individual, gross income includes unemployment compensation." Sec. 85(a).  "[T]he term 'unemployment compensation' means any amount received under a law of the United States or of a State which is in the nature of unemployment compensation."  Sec. 85(b).  "The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer".  Sec. 451(a).  Petitioner has not stated any disagreement with these basic rules.

Petitioner testified that he did not report his unemployment compensation for 1998 because he was unsure of what year the unemployment compensation checks were for.  Yet, he admitted at trial that he received and endorsed the checks issued to him by the DCDES during 1998.  Based on the record we find that petitioner did receive $4,017 in unemployment compensation from the DCDES in 1998.

In his testimony, petitioner mentioned problems he has had with the Internal Revenue Service with respect to taxes for earlier years.  Such matters are not relevant to our decision as to the amount at issue concerning petitioner's tax for 1998 and in any other respect are not before this Court.

Accordingly, we conclude that petitioner failed to report $4,017 of unemployment compensation that should have been included in his gross income for the tax year 1998.  Thus, petitioner is liable for the deficiency determined by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.